UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| TROY A. KAVIS,<br><br>     Plaintiff,<br><br>          v.<br><br>ENGLISH,<br><br>     Defendant. | CAUSE NO. 1:25-CV-389-CCB-SJF |

## OPINION AND ORDER

Troy A. Kavis, a prisoner without a lawyer, began this case by filing a complaint alleging his cellmate drugged his coffee and anally raped him on April 3, 2025. ECF 1. The complaint named Warden English as the only defendant. Kavis alleged Warden English knew his cell did not have a call box. The court screened the complaint and found it did not state a claim because the mere lack of a call box did not plausibly allege Warden English had actual knowledge of impending harm to Kavis. ECF 4. The court granted Kavis leave to file an amended complaint.

In this order, the court now screens the amended complaint under 28 U.S.C. § 1915A and must dismiss this case if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94

(2007) (quotation marks and citations omitted). The body of the amended complaint is one paragraph long. ECF 5.

> My cell mate had been moved from one transgender's room for him raping her. They moved him in my cell the same day she filed to move from him. I woke up with all of my clothes off or down. Earlier that day my cell mate, Donald Newman, DOC # 290170, made me a cup of coffee. He took sleeping pills and put them in my coffee. I am now have bad PTSD and I am suing for my pain and suffering and my mental state.

*Id.* at 2.

As explained in the order screening the original complaint, under the Eighth Amendment, correctional officials have a constitutional duty to protect inmates from violence. *Farmer v. Brennan*, 511 U.S. 825, 844 (1994). To state a failure to protect claim, the plaintiff must plausibly allege "the defendant had actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Santiago v. Wells*, 599 F.3d 749, 756 (7th Cir. 2010); *see also Klebanowski v. Sheahan*, 540 F.3d 633, 639-40 (7th Cir. 2008). There is no general supervisory liability under 42 U.S.C. § 1983. *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). "Only persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Burks*, 555 F.3d at 596.

The claims and facts section of the amended complaint does not mention Warden English. As with the original complaint, the amended complaint does not plausibly allege Warden English had actual knowledge of an impending harm to Kavis that could

have been easily prevented. There is no hint Warden English consciously refused to prevent this attack on Kavis by his cellmate.

Kavis has already been given a chance to amend his complaint and this case could be dismissed now. However, in the interests of justice, if Kavis believes he can state a claim based on (and consistent with) the events described in his original complaint and his amended complaint, he may file a second amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Second Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) **GRANTS** Troy A. Kavis until **October 21, 2025**, to file an amended complaint; and

(2) **CAUTIONS** Troy A. Kavis if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the amended complaint does not state a claim for which relief can be granted.

SO ORDERED on September 16, 2025.

/s/*Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT

3